```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

GUILLERMO HERNANDEZ and              :
NATALIA VALENCIA,
                                     :
                    Plaintiffs,          16 Civ. 3755 (GBD)(HBP)
                                     :
     -against-
                                     :   REPORT AND
                                         RECOMMENDATION
CALBER HOME LOANS; DEUTSCHE          :
BANK, NATIONAL TRUSTEE FOR
LONG BEACH MORTGAGE LOAN TRUST       :
2005-3; LONG BEACH MORTGAGE
COMPANY and 1-100 JOHN DOES,         :

                    Defendants.
                                     :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE GEORGE B. DANIELS, United States District Judge,

This matter is styled as an action by Guillermo Hernandez ("Hernandez") and Natalie Valencia ("Valencia") as "Plaintiffs or Borrowers" (Compl. at 1). According to the complaint, Hernandez purchased a home at 58 Fairway Drive in Hempstead, New York, on August 8, 2005; the home was subject to a $540,000 purchase money mortgage in favor of Long Beach Mortgage (Id. at 6). A few months later, on October 23, 2005, Hernandez died (Id. at 4). Valencia alleges, without more, that she is "heir to the home" (Id). In 2009, a New York state court,

sitting in Nassau County, entered a judgment of foreclosure with respect to the property.

Notwithstanding the fact that plaintiffs have paid the filing fee and are not proceeding in forma pauperis, the Court has the authority to dismiss a complaint, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal), or that the Court lacks subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe pro se[1] pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

As noted above, the complaint alleges that the action arises out of Hernandez's purchase of real property and Hernandez died in 2005. Obvious threshold questions are what is Valencia's

---

[1] A pro se action is generally regarded as an action in which one of the plaintiffs is not represented by an attorney.

2

relationship to the Hernandez and how does she have standing to prosecute this action. "Heir to the home" is an undefined term.

A person who has not been admitted to the practice of law may not represent anyone other than himself in federal court. 28 U.S.C.A. § 1654. In addition, "an administr[ator] or execut[or] of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant," Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997), because "the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir. 1998). Where the estate has no other beneficiaries or creditors, the administrator and sole beneficiary may appear pro se on behalf of the estate "[b]ecause the administrator is the only party affected by the disposition of the suit." See Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010).

Plaintiff Valencia does not allege that she is the administrator of Hernandez's estate or that there are no other beneficiaries or creditors of the estate. Moreover, because it appears that the mortgagee is a creditor of the estate, it appears that Valencia will not be the only party who will be affected by these proceedings, even if she were the sole benefi-

3

ciary of Hernandez's estate. Thus, it appears that Valencia cannot represent Hernandez's estate pro se.

It also appears that Valencia lacks standing to assert claims in her own right. To have standing to maintain a lawsuit, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." Spokeo, Inc. v. Robins, supra, 136 S.Ct. at 1547; citing Warth v. Seldin, 422 U.S. 490, 518 (1975).

Plaintiffs here invoke the Court's federal question jurisdiction and assert claims under the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff Valencia's allegations that she is "heir to the home" and was "Defendant No. 2" in the foreclosure action are insufficient to show what interest, if any, she acquired in the property or whether she was ever personally liable for the loan. Moreover, the right to recover damages under RESPA is generally limited to borrowers. See Cooper v. Fay Servicing, LLC, 115 F. Supp. 3d 900, 909 (S.D. Ohio July 17, 2015), citing Leblow v. BAC Home Loans Servicing, LP, No. 1:12-CV-00246, 2013 WL 2317726 at *7 (W.D.N.C. May 28, 2013)

4

(nonsignatory spouse to note lacked standing to assert a RESPA claim because she was not a "borrower."); see also Wilson v. Bank of Am., N.A., 48 F. Supp. 3d 787, 796 (E.D. Pa. Sep. 24, 2014) ("[A]t no point does the [c]omplaint allege that [p]laintiff assumed the loan on the Property such that she became the 'borrower.' As such, the RESPA cause of action belongs only to [the Estate] and not to her as an individual heir to the Estate."). Without a sufficient interest, Valencia cannot show that Defendants' actions caused her personally any injury or that any injury that she suffered can be redressed in this action. The complaint, as it's currently drafted, fails to include sufficient facts to show that Plaintiff personally has standing to assert claims regarding the mortgage loan.

On June 1, 2016, I issued an Order in this matter identifying the foregoing issues with the complaint and directing plaintiff to make a supplemental submission clarifying her relationship to Hernandez's estate and to file an amended complaint demonstrating that she has standing to assert a claim under RESPA. Specifically, the decretal paragraph of my June 1, 2016 Order provided:

> Accordingly, I hereby direct that Plaintiff Valencia, within thirty days, either (1) show cause, by submitting a written affirmation, why the claims of Guillermo Hernandez's estate should not be dismissed on the ground that she cannot represent the estate pro se,

5

or (2) show that she has obtained counsel to represent Hernandez's estate. Unless Valencia, within the time allowed, obtains counsel for Hernandez's estate or shows cause why the estate's claims should not otherwise be dismissed, I shall issue a report and recommendation recommending the dismissal without prejudice of the claims of Hernandez's estate.

I further direct that if Plaintiff Valencia wishes to pursue her own personal claims, she must file an amended complaint that includes factual allegations showing that she personally has an interest in the real property at issue and/or assumed the mortgage loan associated with 58 Fairway Drive, Hempstead, New York. An amended complaint form is attached to this order. Any amended complaint must be submitted to the Pro Se Intake Unit of this Court within thirty days and must bear the docket number 16-CV-3755 (GBD)(HBP). If Plaintiff Valencia fails to submit an amended complaint, I shall issue a report and recommendation recommending the dismissal of her claims for lack of standing.

My June 1 Order was mailed to Valencia at 58 Fairway Drive, Hempstead, New York 11550; it has not been returned as undeliverable.

On July 5, 2016 I granted plaintiff's request for an additional 25 days to respond to my June 1, 2016 Order. To date, I have heard nothing further from plaintiff.

Accordingly, for all the reasons discussed above, I respectfully recommend that the complaint be dismissed. Plaintiff has not alleged facts demonstrating that she can bring an action on behalf of Hernandez's estate, nor has she shown how she has any standing to bring claims in her own right.

6

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed. R. Civ. P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl Street, Room 1310, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

7

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        August 19, 2016

                                        Respectfully submitted,

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Ms. Natalia Valencia
58 Fairway Drive
Hempstead, New York  11550

Rachel G. Packer, Esq.
Day Pitney LLP
7 Times Square
New York, New York  10036

Scott W. Parker, Esq.
Parker Ibrahim & Berg LLC
270 Davidson Avenue
Somerset, New Jersey  08873